UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TAFARI EXCELL,

CV12 2874

VERIFIED
COMPLAINT

PLAINTIFFS,

-against-

INDEX NUMBER

The CITY OF NEW YORK, NEW YORK CITY Police Department,
New York City Department of Corrections, Police Officer Jared
Tepperman, Shield No. 31035, Police Sgt. Howard Goodman, or
Unknown Police officers in the employ of the City of New York
Police Department, and "John Doe" name being fictitious and Intended
to represent a corrections officer in the employ the New York City
Department of Corrections whose identities are not yet known,

DEFENDANTS.

COGAN, J.

Plaintiff Tafari Excell, by his attorney, Herbert Moreira-Brown, Esq.,

complaining of the defendants, the City of New York, New York City Police

Department Police, Police Officer Jared Tepperman, Shield No. 31035 (hereinafter

"Tepperman"), Police Sgt. Howard Goodman, (hereinafter "Goodman"), and "John

Doe, an employee of the New York City Department of Corrections, respectfully

alleges and asserts the following claims against the defendants in the above-entitled

action:

    (1) Violation of 42 U.S.C. 1983: Arrest;

    (2) Violation of 42 U.S.C. 1983: Detention and Confinement;

    (3) Violation of 42 U.S.C 1983: Strip Search;

    (4) Violation of 42 U.S.C. 1983: Conspiracy;

    (5) Violation of 42 U.S.C. 1983: refusing or neglecting to prevent;

**(6) Malicious Prosecution;**

**(7) Malicious abuse of process**

**(8) False Arrest and Imprisonment;**

**(9) Intentional Infliction of Emotional Distress;**

**(10)      Assault;**

**(11)      Battery;**

**(12)      Conspiracy.**

## PARTIES

1.   At all times mentioned, the plaintiff TAFARI EXCELL, was a resident of Queens

County and still is domiciled and a resident of the County of Queens, City and State of

New York.

2.   At all times hereinafter mentioned, defendant CITY OF NEW YORK

(hereinafter referred to as "Defendant City") was and still is a  municipal corporation

created, organized and duly existing and by virtue of the laws of the State of New York.

That a Notice of Claim was duly served upon the City of New York, in the State

of New York within the time prescribed by law. That more than 30 days have elapsed

since the service of the Notice of Claim was served upon the CITY OF NEW YORK.

That the CITY OF NEW YORK has failed, neglected and refused to pay, settle,

compromise or adjust the claim of the plaintiff. The plaintiff has duly complied with all

of the conditions precedent to the commencement of this action.

## FACTS

3.   On June 6, 2007 the Plaintiff, Tafari Excell, was falsely accused of  felony

possession of a firearm, charged with criminal possession of a weapon in the second

degree and other criminal possession of weapons counts.

    4.  The Plaintiff, Mr. Tafari Excell, was subsequently Falsely Arrested and Falsely Imprisoned by Police Officers in the employ of the New York City Police Department on June 6, 2007.

    5.  At the time, date and place of the arrest members of the New York City Police Department put the plaintiff in immediate fear of being falsely imprisoned and confined.

    6.  The Plaintiff, Tafari Excell, was been held in detention from July 27, 2007 until June 15, 2009.

    7.  On or about December 21, 2007, the Queens County District Attorney's Office convened a Grand Jury of the County of Queens which voted A True Bill and indicted the Plaintiff Tafari Excell.

    8.  On January 14, 2008, the Plaintiff was arraigned in Queens County Criminal Court and charged with four (4) counts of criminal possession of a weapon. The arraignment was completed on February 7, 2008 and held on $250,000 bail.

    9.  On or about June 15, 2009, Plaintiff, Tafari Excell, was tried and found Not guilty of all pending criminal c harges before the Honorable Supreme Court Justice B. Krons, and dismissed case number 03213-2007 and all pending criminal charges related to this criminal indictment. The defendant was discharged from the jurisdiction of the Court.

    10. The Plaintiff, Tafari Excell, had been falsely held and imprisoned for over twenty-two months or more than 1 year and 10 months.

### COUNT 1: VIOLATION OF 42 U.S.C. 1983 ARREST

    11. Plaintiff repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 16 above with the same force and effect as if herein set forth.

12. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sections 1983, 1986 and 1988.

13. Acting under the color of law, Defendants City of New York, Police Officer Jared Tepperman and Police Sgt. Howard Goodman worked a denial of Tafari Excell's rights, privileges or immunities secured by the United States Constitution or by Federal law. (Soto v. Flores, 103 F. 3d 1056, 1061, 1997)

(a) By depriving Mr. Tafari Excell of his liberty without due process of law, by taking him into custody and holding him against his will, (County of Sacramento v. Lewis, 523 U.S. 833, 1998)

(b) By making an unreasonable search and seizure of his property without due process of law.

(c) by conspiring for the purpose of impending and hindering the due course of justice, with intent to deny and withhold equal protection of laws.

(d) by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution of the United States.

14. As a result of their the concerted, unlawful and malicious arrest of the Plaintiff, Tafari Excell, by the Defendants Police Officer Jared Tepperman, Police Sgt. Goodman and the City of New York, their servants and employees in the New York Police Department, Mr. Excell was deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of

justice was impeded, in violation of the Fifth and Fourteenth Amendments to the
Constitution of the United States and 42 U.S.C. 1983.

WHEREFORE, the Plaintiff demands judgment for false arrest against all of the
Defendants jointly and severally, for actual, general, special and compensatory damages
in the amount of $500,000 and further demands against each of said Defendants, jointly
and severally, for punitive damages in the amount of $100,000, plus the cost of this
action, including attorney's fees, and such other relief deemed to be just and equitable.
"Punitive damages are recoverable in section 1983 suit where defendant's conduct is
motivated by an evil intent or involves reckless or callous indifferences to plaintiff's
federally protected rights. See Smith v. Wade, 461 U.S. 30, 50-51, (1983)

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983:DETENTION AND CONFINEMENT

15. Plaintiff repeats and realleges and incorporates by reference the allegations in
paragraphs 1 through 20 above with the same force and effect as if herein set forth.

16. As a result of their concerted, unlawful and malicious detention and
confinement of Plaintiff Tafari Excell, Police Officer Jared Tepperman and Police
Sgt. Goodman deprived Plaintiff Tafari Excell of both his right to his liberty
without due process of the law and his right to the equal protection of the laws, and the
due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments
to the Constitution of the United States and 42 U.S.C. Section 1983.

17. WHEREFORE, Plaintiff Excell demands judgment for the false detention
and confinement against all the defendants jointly and severally, for actual, general,
special and compensatory damages in the amount of $500,000 and further demands

judgment against each of said Defendants, jointly and severally, for punitive damages in
the amount of $100,000, plus the costs of this action, including attorney's fees, and such
other relief deemed to be just and equitable.

### COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: STRIP SEARCH

18. The Plaintiff repeats, realleges and incorporates by reference the allegations in
paragraphs 1 through 22 above with the same force and effect as if herein set forth.

19. As a result of their concerted, unlawful and malicious arrest, detention and
confinement of Plaintiff Excell, defendants Police Officer Jared Tepperman and Police
Sgt. Goodman caused plaintiff Excell to be subjected a strip search of his entire
body, including his rectal cavity, in a situation where there was no reason to believe that
any contraband had been concealed on or in his body, in the Queens County Central
Booking detention center, and thus deprived Plaintiff Tafari Excell of both his right
to his liberty without due process of law and his right to equal protection of the laws, and
the due course of justice was impeded in violation of the Fourth, the Fifth, Ninth and
Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section
1983.

WHEREFORE, the plaintiff demands judgment for both bodily strip search
against all the Defendants both jointly and severally, for actual, general, special and
compensatory damages in the amount of $500,000 and further demands judgment against
each of said Defendants, both jointly and severally, for punitive damages in the amount
of $100,000, plus the costs of this action, including attorney's fees, and such other relief
deemed to be just and equitable.

## COUNT 4: VIOLATIONS OF 42 U.S.C 1983: CONSPIRACY

20. Plaintiff Excell repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

21. As a result of their concerted, unlawful and malicious conspiracy of defendants Police Officer Jared Tepperman and Police Sgt. Goodman, Plaintiff Tafari Excell was deprived of both his liberty without due process of law, his right to equal protection of the laws and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1983 and 1985.

WHEREFORE, the Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally for actual, jointly and severally, general, special and compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000 plus the costs of this action including attorney's fees, and for such other relief deemed to be just and equitable.

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

22. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

23. At all times relevant to this complaint, Defendants Police Officer Jared Tepperman and Police Sgt. Goodman were police officers employed by the New York (City) Police Department and were acting under the control and direction of the New York (City) Police Department and it's command brass and supervisory staff.

24. Acting under the color of law and pursuant to official policy or custom, the New

York (City) Police Department, the Police Commissioner, command senior brass and supervisory staff knowingly recklessly or with gross negligence failed to properly supervise, control and discipline, on a continuing basis, the Defendant police officers Jared Tepperman and Sgt. Goodman in the performance of their duties and the result was the following:

(a) unlawfully and maliciously harassing a citizen who was acting within and in accordance with his constitutional and statutory rights, privileges and immunities;

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities;

(c) conspiring to violate the rights, privileges and immunities guaranteed to the Plaintiff by the U.S. Constitution and the laws of the United States of America; and

(d) otherwise depriving the Plaintiff of his constitutional and statutory rights, privileges and immunities.

25. Defendants City of New York, the New York City Police Department and the New York City Police Commissioner had the knowledge or they failed to fully exercised those duties to instruct, supervise, control, and discipline on a continuing basis, should have had the knowledge to realize the wrongs that were conspired to be done, as heretofore alleged, were about to be committed. The City of New York, the New York City Police Department and the Police Commissioner had the power to prevent or aid in preventing the commission of said wrongs, where they could have known by reasonable diligence, and knowingly, recklessly or with negligence failed or refused to due so.

26. Defendants City of New York, the New York City Police Department and the

New York Police Commissioner directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the Defendant officers heretofore described.

27. As a direct result of and proximate cause of the negligent and intentional acts of Defendants City of New York, the New York City Police Department and the New York City Police Commissioner, as set forth in paragraphs 27 through 32 above, Plaintiff suffered physical loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and federal law 42 U.S.C. 1983.

WHEREFORE, plaintiff demands judgment against all the Defendants jointly and severally for actual, special and compensatory damages in the amount of 500,000 and further demands judgment against said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 6: MALICIOUS PROSECUTION

28. **Plaintiff Excell repeats, realleges** and incorporates by reference the allegations in paragraphs **1 through 33 above** with the same force and effect as if herein set forth.

29. Defendants instituted criminal process against the plaintiff with malice:

(a) Police Officer Jared Tepperman and Police Sgt. Howard Goodman played an active part in the initiation of these criminal proceedings;

(b) Officer Jared Tepperman played an active part in the initiation of the

criminal proceedings by arresting and causing the false imprisonment of Plaintiff Excell;

(c) Officer Jared Tepperman signed the criminal complaint against Plaintiff Mr. Tafari Excell;

(d) Sgt. Goodman improperly supervised and assisted Officer Jared Tepperman in arresting the plaintiff, thus causing the false imprisonment of the plaintiff and the initiation of the criminal proceedings against the plaintiff;

(e) The charges were not based upon probable cause, that is, the state of the facts in the mind of the actor (arresting officer) would not lead a man of ordinary caution and prudence to believe or entertain an honest or strong contention that Plaintiff Tafari Excell was guilty;

(f) Defendants, Officer Jared Tepperman and Sgt. Howard Goodman, had a duty to ascertain whether there was reasonable and probable cause for a prosecution before signing the criminal complaint;

(g) Defendants, Officer Jared Tepperman and Sgt. Howard Goodman, breached their duty.

30. The criminal proceedings terminated in favor of the plaintiff when the Plaintiff Tafari Excell was tried and found not guilty of all pending criminal charges against the plaintiff, and held " THE ARREST AND PROSECUTION SHALL BE DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE AND PROSECUTION".

31. Defendants, The City of New York, the New York City Police Department and the Police Commissioner, are liable under the doctrine of respondeat superior.

WHEREFORE, the plaintiff, Tafari Excell, demands judgment against all Defendants for injunctive relief and actual, special and compensatory damages in an amount deemed at time of trial to be just, fair and appropriate.

## COUNT 7: MALICIOUS ABUSE OF PROCESS

32. **Plaintiff** repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 37 above with the same force and effect as if herein set forth.

33. Defendants maliciously used a "legal process 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed."

34. Defendants, Officer Jared Tepperman and Sgt. Goodman, knew or should have known the complaint that they initiated was groundless and that they did not have any basis or probable cause for the arrest.

35. Defendants, City of New York, New York City Police Department and the Police Department Commissioner, are liable under the doctrine of respondeat superior.

WHEREFORE, THE plaintiff, Tafari Excell, demands judgment against all Defendants for injunctive relief and actual, special and compensatory damages in an amount deemed at the time of trial to be just, fair and appropriate.

## COUNT 8: FALSE ARREST AND FALSE IMPRISONMENT

36. The Plaintiff, Tafari Excell, repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 41 above with the same force and effect as if herein set forth.

37. At all times relevant herein, (a) the defendants acted with the intention of confining the Plaintiff, Tafari Excell, within confined boundaries, (b) the act

directly or indirectly resulted in confinement for more than one year and six months and
(c) Mr. Excell was conscious of the confinement, which was against his will, and
plaintiff did not consent to such confinement nor did he deserve such confinement.

38. **Defendants, Officer Jared Tepperman and Sgt. Goodman,** imposed by force
or threats an unlawful restraint upon the plaintiffs freedom of movement, to wit, by
arresting and handcuffing his hands behind his back, transporting him to the police
station where he was detained in a cell.

39. Then under the color of state law, Police  Officer Jared Tepperman and Sgt.
Goodman, by not sending his wallet to the prison cell along with him, indirectly
caused the unlawful imprisonment and consequential strip-search of the Plaintiff, Tafari
Excell, in the county jail.

40. As a direct and proximate result of the conduct of the Defendants, the
Plaintiff, TafariExcell, suffered harm and bruises including but not limited to the
aforesaid damages.

41. Defendants, City of New York, the New York City Police Department and the
New York City Police Commissioner, are liable under the doctrine of respondeat
superior.

WHEREFORE, THE plaintiff, Tafari Excell, demands judgment against all
Defendants for injunctive relief and actual, special and compensatory damages in an
amount deemed at the time of trial to be just, fair and appropriate.

### COUNT 9 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff Excell repeats, realleges and incorporates by reference the allegations
in paragraph 1 through 47 above with the same force and effect as if herein set forth.

43. Defendants intentionally and deliberately inflicted emotional distress on the plaintiff, Tafari Excell, by maliciously prosecuting Mr. Excell, or by abusing the lawful process by unlawful purpose, or by violating Mr. Excell's constitutional rights by falsely arresting and imprisoning the plaintiff for more than one year and ten months, by conspiring against Mr. Excell, or by interfering with the plaintiff's state civil rights by threats, coercion or intimidation and the Defendants knew or should have known that emotional distress and post traumatic stress disorder was the likely result of their conduct.

44. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and absolutely and totally intolerable in a civilized community.

45. The actions of the Defendants were the cause of Mr. Excell's distress.

46. The Plaintiff, Mr. Tafari Excell, is a reasonable man.

47. The emotional distress sustained by Mr. Excell was severe and of a nature that no reasonable man could be expected to endure.

48. As a result of the Defendants' extreme and outrageous conduct and behavior, the Plaintiff was, is and high likelihood, will continue to be emotionally distressed due to the intentional exclusion and one year and ten months confinement in prison for a crime that the plaintiff did not commit.

49. Defendants', City of New York, the New York City Police Department and the New York City Police Commissioner, are liable under the doctrine of respondeat superior.

50. As a result of the Defendants' extreme and outrageous conduct, Mr. Excell has and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, post traumatic stress disorder and depression.

51. Defendants, City of New York, the New York City Police Department and the Police Commissioner, are also liable under the doctrine of respondeat superior.

WHEREFORE, the Plaintiff Tafari Excell, demands judgment against Defendants City of New York, the New York City Police Department, Officer Jared Tepperman and Sgt. Goodman for injunctive relief and actual, special, compensatory and punitive damages, including attorney's fees, court costs, expenses and interest in an amount deemed at the time of trial to be just, fair and appropriate.

### COUNT 10: ASSAULT

52. Plaintiff Tafari Excell repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 57 above with the same force and effect as if herein set forth.

53. Mr. Tafari Excell is a reasonable person.

54. Defendant Officer Jared Tepperman intentionally created an apprehension of immediate physical harm by an overt gesture, to wit, kicking Excell's cell in the police station to awaken the sleeping Excell and to startle him for no other reason or known purpose other than to create in Mr. Excell an apprehension of immediate physical harm.

55. Any reasonable person would also become apprehensive in the face of defendants' threatening behavior.

56. Defendants, City of New York, the New York City Police Department and the Police Commissioner, are liable under the doctrine of respondeat superior.

WHEREFORE, plaintiff Excell demands judgment against Defendants, Officer Jared Tepperman, Sgt. Goodman, the City of New York and the New York City Police Department for injunctive relief and actual, special and compensatory damages in

an amount deemed at the time of trial to be just, fair and appropriate.

## COUNT 11: BATTERY

**57. Plaintiff Tafari Excell repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 62 above with the same force and effect as if herein set forth.**

58. Without the consent of Mr. Excell, Defendants, Officer Jared Tepperman and Sgt. Goodman, intentionally, harmfully and harmfully touched Mr. Excell by (a) handcuffing him and then (b) shackling Excell in the Police station.

59. Without the consent of the plaintiff, Mr. Excell, Defendants, Officer Jared Tepperman and Sgt. Goodman, caused a corrections officer at the Queens County Central Booking to intentionally, harmfully and offensively touch and then strip-search, including a search of his bodily cavities.

60. Defendants, City of New York, the New York City Police Department and the Police Commissioner are liable under the doctrine of respondeat superior.

WHEREFORE, the plaintiff, Mr. Excell, demands judgment against Defendants Officer Jared Tepperman and Sgt. Goodman for injunctive relief and actual, special and compensatory damages in an amount deemed at the time of trial to be just, equitable and appropriate.

## COUNT 12: CONSPIRACY

61. **Plaintiff,** Mr. Excell, repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 66 above with the same force and effect as if herein set forth.

62. All of the Defendants:

(a) had an object to be accomplished;

(b) had an agreement on the object or course of action;

(c) performed one or more unlawful overt acts; and

(d) caused Mr. Excell damages that were a result of those acts.

63. In furtherance of their object defendants did two or more overt acts against the plaintiffs. Those overt acts include, but, are not limited to, the following:

(a) Officer Jared Tepperman and Sgt. Howard Goodman knew or should have investigated the crime further and not just arrested the first person that fit the description of the crime that was committed.

(b) The defendant police officers did not see the person who actually committed the alleged crime and should have investigated further before arresting the plaintiff Tafari Excell.

(C) The Defendants agreed that the object or course of action was to arrest, detain and confine without probable cause, and maliciously charge and prosecute the plaintiff with alleged crimes.

64. The Defendants, City of New York, New York City Police Department and the New York City Police Commissioner are liable under the doctrine of respondeat superior.

65. Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff Tafari Excell demands judgment, including interest, joint and severally against all of the Defendants, City of New York, New York Police Department and requests compensatory damages in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction, punitive damages; attorney's fees,

costs, expenses and interest and such other and further relief in an amount deemed by this

court to be just, fair, appropriate and equitable.

**DATED: New York, New York**
**May 28, 2012**

Respectfully Submitted,

*Herbert Moreira-Brown, Esq.*
**Herbert Moreira-Brown, Esq.**
**Attorney for Plaintiff**
**4200-26 Hutchinson River**
**Parkway East, Suite 26c**
**Bronx, New York 10475**
**(917) 328-3213**

**Address of Defendants:**
**City of New York**
**New York, New York**
**New York Police Department,**
**New York City Department of Corrections,**
**N. Y. C. Police Officer Jared Tepperman and**
**N.Y.C. Police Sgt. Howard Goodman**