UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
TAFARI EXCELL,

                             Plaintiff,

            - against -

THE CITY OF NEW YORK; JARED
TEPPERMAN; HOWARD GOODMAN; JOHN
DOE,

                           Defendants.
-------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

12 Civ. 2874 (BMC)

**COGAN**, District Judge.

This case is before me on defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

## BACKGROUND

The following facts are taken from plaintiff's second amended complaint and a decision of the New York Supreme Court resulting from a prior litigation in which plaintiff raised the same claims he brings here. The state court decision, in turn, was based in substantial part on a deposition of plaintiff taken in that action. Plaintiff has submitted excerpts of this deposition to this Court along with his pleadings.

On the night of June 5, 2007, plaintiff Tafari Excell was partying with his friend Richard Guppy. Over the course of the night, plaintiff and Guppy drank "half a gallon of Hennessy, and a fifth of Hypnotiq,"[1] and smoked marijuana. According to plaintiff, he was "heavily intoxicated." Around 4:00 in the morning on June 6, 2007, plaintiff was riding in the passenger seat of Guppy's car when two police officers -- defendants Jared Tepperman and Howard

---

[1] "Hypnotiq" undoubtedly refers to "Hpnotiq," a high alcohol content liqueur made from vodka and cognac.

Goodman – stopped the car for "allegedly speeding" and searched the vehicle. The complaint notes that the officers "never issued any speeding citation," but does not specify whether Guppy was speeding. The officers recovered a gun from the center console, arrested the pair, and subsequently charged plaintiff with criminal possession of a weapon.

After his arrest, plaintiff was interrogated for two hours and twenty minutes. At some point during the time that plaintiff and Guppy were in their holding cells, Guppy asked plaintiff to "take" the weapons possession charge for him. Plaintiff agreed and informed the police that the gun in the center console belonged to plaintiff and that plaintiff hid it there when Guppy's vehicle was pulled over by the police. Plaintiff then signed a written confession to that effect. He alleges that he was not allowed to consult an attorney during his interrogation and that the Miranda warning card he signed was "blacked out 90 to 94 percent," such that he could not read it. Plaintiff was held in pre-trial detention for almost two years and was acquitted at trial on June 15, 2009. According to plaintiff, Officer Goodman testified falsely at trial that plaintiff was not intoxicated at the time he waived his Miranda rights.

In December, 2009, plaintiff sued the City of New York, Officer Goodman, and Officer Tepperman in New York Supreme Court. In his state court complaint, plaintiff alleged that the individual defendants and the City of New York knew that the gun in Guppy's car belonged to Guppy, rather than plaintiff, and maliciously prosecuted plaintiff for possession of the gun in spite of this knowledge. He further alleged that there was no probable cause for his arrest. Plaintiff brought a host of claims under 42 U.S.C. § 1983: false arrest; "detention and confinement"; strip search; conspiracy; and "refusing or neglecting to prevent." He also brought various state law claims: malicious prosecution; malicious abuse of process; false arrest and imprisonment; intentional infliction of emotional distress; assault; battery; and conspiracy.

In an opinion granting summary judgment on behalf of the defendants, the state court dismissed plaintiff's state law claims because he filed a late notice of claim as to some of the claims and failed to file any notice of claim as to the remaining claims. See Excell v. City of New York, et al., Index No. 529/10 (Apr. 25, 2012). The court dismissed plaintiff's federal law claims as well, holding that the defendants had probable cause for plaintiff's arrest, detention, and prosecution, based on plaintiff's presence in the car from which the gun was retrieved and plaintiff's signed confession indicating that he was the owner of the gun.

The first complaint plaintiff filed in this Court was nearly identical to the complaint he filed in state court. In particular, the complaints recite identical causes of action and the "Facts" section of each complaint is identical. On June 11, 2012, this Court gave plaintiff leave to amend his complaint, noting that the complaint failed to state a claim and that plaintiff purported to sue non-suable entities. Plaintiff filed an amended complaint on June 18, 2012. The amended complaint eliminated the non-suable defendants; fleshed out the factual background of plaintiff's claims; and listed the same causes of action as his first complaint. On June 22, 2012, plaintiff filed a second amended complaint without leave of the Court. Plaintiff's attorney explained, via an accompanying letter, that he filed the second amended complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure and "in response to [the Court's] recommendation that the initial pleadings be amended in [the Court's] June 11, 2012 Order."

It is unclear why plaintiff's attorney construed my June 11, 2012, Order as granting him leave to amend his complaint twice. That Order simply stated that plaintiff "should strongly consider filing a proper Amended Complaint," and did not contemplate a second amended complaint. Giving plaintiff's attorney the benefit of the doubt, however, it is possible that he misinterpreted something I said at the oral argument, held on June 20, 2012, as granting him

leave to file a second amended complaint. Leave to file the second amended complaint is therefore granted. In any event, the second amended complaint is practically identical to the first amended complaint. Plaintiff simply re-cast his false arrest claim as a claim for "wrongful imprisonment"; added a sentence alleging that plaintiff suffers from post-traumatic stress disorder; and clarified that Officer Goodman testified falsely at plaintiff's trial.

Before plaintiff filed his second amended complaint, defendants moved to dismiss his first amended complaint as untimely; barred by the doctrine of *res judicata*; and otherwise deficient. Plaintiff's opposition to this motion was due on June 28, 2012. On June 29, 2012, plaintiff's attorney filed a letter stating that the second amended complaint should "put to rest" defendants' stated grounds for dismissal; briefly setting forth plaintiff's additional opposition to the motion; and requesting an extension of time to file a more detailed opposition. As grounds for the requested extension, plaintiff's attorney explained that defendants' motion to dismiss did not appear in his "ECF email" when it was originally filed. Plaintiff's attorney also explained that he has been busy litigating other cases in the past week.

## DISCUSSION

As an initial matter, plaintiff's motion for an extension of time to file a more detailed opposition is denied. The ECF receipt indicates that defendants' motion was emailed to plaintiff's attorney when it was initially filed. Furthermore, the Court scheduled the due date for plaintiff's opposition at a pre-motion conference which plaintiff's attorney attended. In fact, this due date was suggested by plaintiff's attorney after he consulted his calendar. The due date was then repeated in a minute entry on the same day of the pre-motion conference, and this minute entry was emailed to plaintiff's attorney. In any event, plaintiff's letter dated June 29, 2012, articulated the grounds on which he intended to oppose defendants' motion, and these arguments

4

are insufficient to change the decision announced herein. The Court will thus construe plaintiff's letter dated June 29, 2012, as plaintiff's sole opposition to the motion.

In considering a motion to dismiss, this Court accepts as true all well-pleaded facts in the complaint and "draw[s] all inferences in the plaintiff's favor." Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A motion to dismiss under this rule tests the legal sufficiency of the plaintiff's claim for relief. See Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007). Dismissal under Rule 12(b)(6) is therefore appropriate when the complaint, considered along with facts in the public record, plainly establishes that the case is barred by an affirmative defense such as *res judicata*. See AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003). When deciding a Rule 12(b)(6) motion, a court may consider matters of public record, see Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998), and in particular may take judicial notice of prior court decisions. Conopco, Inc. v. Roll, Int'l, 231 F.3d 82, 86 (2d Cir. 2000).

The doctrine of *res judicata* bars a party from relitigating claims that were or could have been raised by that party in a prior forum where the litigation was resolved on the merits. Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997). A federal court must give a prior state-court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S. Ct. 892 (1984). In other words, a party who has already lost on the merits in state court does not get a second bite at the apple in federal court.

*Res judicata* applies only if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). Since the plaintiff is the same in this case and the prior case, and since he raised identical claims in this Court as he raised in state court,[2] the last two requirements of *res judicata* are met. With respect to the first requirement, there can be no question that the state court's dismissal of plaintiff's federal claims was "on the merits." The court dismissed these claims because probable cause existed for plaintiff's arrest, detention, and prosecution based on plaintiff's presence in the car from which the gun was retrieved and plaintiff's signed confession indicating that he was the owner of the gun. Although plaintiff has represented to this Court that he has appealed the state court's decision, an appeal of a New York trial court's judgment on the merits does not render the judgment any less final for purposes of *res judicata*. See Petrella v. Siegel, 843 F.2d 87, 90 (2d Cir. 1988). All of plaintiff's § 1983 claims are therefore barred by *res judicata* and must be dismissed.

The Court will exercise supplemental jurisdiction over the state law claims because they are plainly without merit and with plaintiff's state law action having already been dismissed, there is no other forum in which to re-present those claims. First, plaintiff does not dispute that he failed to file a notice of claim, or filed a late notice of claim, with respect to all of his state law claims. Even if plaintiff purported to dispute this finding, he would be estopped from doing so under the doctrine of collateral estoppel, sometimes referred to as "issue preclusion." See In re

---

[2] The only difference between the claims raised in state court and the claims raised here is that plaintiff has replaced his § 1983 false arrest claim with a § 1983 claim for "wrongful imprisonment." But plaintiff brought a § 1983 claim for "detention and confinement" in state court which appears indistinguishable from the "wrongful imprisonment" claim brought here.

Hyman, 502 F.3d 61, 65 (2d Cir. 2007) ("Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action."). State notice of claim requirements are substantive law that must be applied by federal courts in deciding pendent state law claims. See Felder v. Casey, 487 U.S. 131, 151, 108 S. Ct. 2302 (1988); Promisel v. First Am. Artificial Flowers, 943 F.2d 251, 257 (2d Cir. 1991) ("If a state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising pendent jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional determination and not allow that claim to be appended to a federal law claim in federal court."). Service of a notice of claim in accordance with New York's General Municipal law § 50-e is a condition precedent to commencement of a tort action against New York City or its employees, and failure to do so is grounds for dismissal. See, e.g., Petway v. City of New York, No. 10-CV-1048, 2012 WL 2254246, at *8 (E.D.N.Y. June 14, 2012).

Second, all of plaintiff's state law claims are untimely. New York claims for malicious prosecution, false arrest, and false imprisonment all carry a one-year statute of limitations. See Johnson v. City of New York, 669 F. Supp. 2d 444, 454 (S.D.N.Y. 2009). For false arrest or false imprisonment claims, this limitations period runs from "the date upon which the confinement terminates." Id. For a malicious prosecution claim, the limitations period runs from the date of a "favorable termination of the underlying criminal proceeding." Id. These claims are therefore all untimely, since plaintiff needed to have brought them within one year of the date he was acquitted – June 15, 2009. Under New York law, plaintiff's "abuse of process" claim also carries a one-year statute of limitations. See Bezerra v. County of Nassau, 846 F.

Supp. 214 (E.D.N.Y. 1994). This claim is therefore untimely even if it did not accrue until plaintiff's 2009 acquittal. Claims for intentional infliction of emotional distress, assault, or battery are also subject to a one-year statute of limitations. See N.Y. CPLR § 215(3). These claims are likewise untimely. There is no independent state-law tort for conspiracy in New York. See RA Global Servs., Inc. v. Avicenna Overseas Corp., 817 F. Supp. 2d 274, 289 (S.D.N.Y. 2011).

Plaintiff's opposition letter asserts that his second amended complaint "puts to rest the argument that the causes of action for wrongful imprisonment and conspiracy are time-barred or barred by the doctrine of *res judicata*," since the alleged conspiracy continued until the day plaintiff was acquitted. Of course, the timing of plaintiff's acquittal has no impact on this Court's *res judicata* determination, since the prior action was filed in state court after plaintiff was acquitted and the complaint in that prior action covered the entire time period during which the conspiracy allegedly took place. Furthermore, plaintiff's argument regarding the timeliness of his wrongful imprisonment and conspiracy claims appears to be based on a misapprehension of the relevant statutes of limitations. A state law claim for wrongful imprisonment carries a one-year limitations period; for his claim to be timely in this Court, plaintiff had to have filed his complaint by June 15, 2010. A state law conspiracy claim cannot stand alone; it therefore carries the statute of limitations of the underlying tort. See RA Global Servs., Inc. v. Avicenna Overseas Corp., 817 F. Supp. 2d 274, 289 (S.D.N.Y. 2011). Plaintiff alleges that defendants conspired to falsely arrest, imprison, and prosecute him. All of these underlying torts carry a one-year statute of limitations; the conspiracy claim is therefore untimely as well.

## CONCLUSION

Defendants' [9] motion to dismiss is granted and plaintiff's [12] motion for an extension is denied. This case is dismissed.

**SO ORDERED.**

s/ BMC
_____
U.S.D.J.

Dated: Brooklyn, New York
July 3, 2012